IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-18,878-02






EX PARTE JOHN C. WEBB, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 591422-A IN THE 174TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
theft and sentenced to 90 days' imprisonment in county jail pursuant to Tex. Penal Code § 12.44 (a). 
He did not appeal his conviction.

 Applicant contends that his plea was involuntary because counsel advised Applicant that after
the judge rescinded bail on one count because of the "age of the case" there was no other means of
obtaining release on bail, and so if Applicant wanted to plead not guilty he would have to sit in jail
for several months awaiting the first available trial date, but if he accepted the plea bargain he would
have to serve only two more weeks in jail. Applicant also contends that counsel advised him that
he would have to pay her more money if he rejected the plea offer and wanted to proceed with a trial. 
Applicant further indicates that counsel did not advise him that his parole could be revoked as a
result of this conviction. Taken together, these contentions might support an involuntary plea claim.

 Applicant also contends that he received ineffective assistance of counsel because counsel
did not properly present the problem of the State's 16-year delay in serving Applicant with the
indictment and bringing the case to trial.

 Applicant also contends that he was convicted in violation of his federal constitutional right
to a speedy trial.

 The habeas court has entered findings of fact and conclusions of law that the application is
subject to dismissal because the sentence is discharged. However, Applicant alleges that his parole
in another case was revoked as a result of this conviction. He has sufficiently alleged collateral
consequences under Tex. Code Crim. Proc. art. 11.07, Sec. 3 (c). Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
parole in another case was revoked as a result of this conviction. The trial court shall also make
findings of fact and conclusions of law in regard to Applicant's claims that: (1) his plea was
involuntary; (2) he received ineffective assistance of counsel; and (3) he was convicted in violation
of his right to a speedy trial. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.




Filed: April 9, 2008

Do not publish